**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4398**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS PHELPS HAMILTON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:12-cr-00002-RLV-DSC-1)

———————

Submitted: March 31, 2015        Decided: April 7, 2015

———————

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Thomas Phelps Hamilton guilty of manufacturing marijuana, in violation of 21 U.S.C. § 841(a) (2012), and possessing firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Hamilton challenges his convictions and 180-month sentence. Finding no error, we affirm.

## I.

Hamilton first argues that the district court abused its discretion by admitting the testimony of Trooper Richardson under Federal Rule of Evidence 404(b). We review a district court's "decision to admit evidence under Rule 404(b) for abuse of discretion." United States v. Byers, 649 F.3d 197, 206 (4th Cir. 2011). Under Rule 404(b), evidence of prior bad acts may be admitted as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" but "not . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with [his] character." Fed. R. Evid. 404(b). "Rule 404(b) is an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Wilson, 624 F.3d 640, 651 (4th Cir. 2010) (internal quotation marks omitted). "To be admissible under Rule 404(b), evidence must be (1) relevant to

2

an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). Nevertheless, potential Rule 404(b) evidence should be excluded if its probative value is substantially outweighed by its unfair prejudice to the defendant. United States v. Johnson, 617 F.3d 286, 296-97 (4th Cir. 2010).

Trooper Richardson testified only that he saw Hamilton in possession of a handgun in 2005. We conclude that this testimony meets all the criteria for admissibility under Rule 404(b), and that the district court's careful ruling with regard to the scope of Trooper Richardson's testimony, combined with the limiting jury instructions, eliminated the risk of unfair prejudice. Accordingly, we find no abuse of discretion in the district court's admission of Trooper Richardson's testimony under Rule 404(b).

## II.

Next, Hamilton contends that the district court erred by applying the four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2013) for possession of a firearm or ammunition in connection with another felony offense. When evaluating Sentencing Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Cox, 744 F.3d 305,

308 (4th Cir. 2014). Section 2K2.1(b)(6)(B) provides for a four-level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." The purpose of this enhancement is "to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted). A firearm or ammunition is possessed "in connection with" another felony offense "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1(b)(6), cmt. n.14(A). The Guidelines provide a presumption for drug trafficking offenses: the firearm is presumed to have the "potential of facilitating another felony offense" when the "firearm is found in close proximity to drugs, drug-manufacturing materials, or drug-paraphernalia." USSG § 2K2.1(b)(6), cmt. n.14(B); see United States v. Paneto, 661 F.3d 709, 717 (1st Cir. 2011) ("[I]n a situation in which the additional felony is drug trafficking, the guideline means that the enhancement is appropriate whenever the firearm is in close proximity to the drugs.").

After reviewing the record, we conclude that the district court properly applied the four-level enhancement under § 2K2.1(b)(6)(B). At least one of the firearms was found in

4

close proximity to the marijuana manufacturing operation and other drug paraphernalia. Moreover, the evidence suggests that Hamilton's possession of firearms was not a "mere accident or coincidence." Jenkins, 566 F.3d at 163. Rather, it is apparent that the firearms were "present for protection [and] to embolden" Hamilton. United States v. McKenzie-Gude, 671 F.3d 452, 464 (4th Cir. 2011) (internal quotation marks omitted). Thus, whether applying the proximity presumption for drug trafficking offenses or the generally applicable standard articulated in the commentary to the Guidelines, the district court did not err by applying the four-level enhancement.

### III.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED